UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GXM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PAMELA CONNIE, et al.,<br><br>        Defendants. | Case No. 24-cv-00677-AMO<br><br>**ORDER RE PENDING MOTIONS**<br><br>Re: Dkt. Nos. 29, 33, 38, 41, 42, 43, 44, 53, 59, 63 |

In this action, GXM, a minor, and his parents, Jessica Renee Hissner Mendoza, and Victor Mendoza sue the City and County of San Francisco (the "City"), the Department of Human Resources and Public Health, and multiple City employees for alleged civil rights violations stemming from events relating to GXM's placement in foster care.  ECF 1.

The City moves to dismiss the complaint on the grounds that (1) the claims against the individually named defendants, sued in their official capacities, are duplicative of those asserted against the City, (2) the Department of Human Resources and Public Health is not a separate legal entity that can be sued, and (3) the complaint does not allege a viable *Monell* claim.[1]  ECF 29 at 9-13.

The City's motion to dismiss, ECF 29, is **GRANTED WITH LEAVE TO AMEND** as to the individual defendants so that Plaintiffs can clarify whether they are sued in their official or individual capacities.  *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The Court follows other District Courts in holding that if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.").  The motion is

---

[1] With respect to the *Monell* claim, the City alternatively asks for a more definite statement.  That alternative request is **DENIED** in light of the Court's ruling on the motion to dismiss.

1    **GRANTED WITHOUT LEAVE TO AMEND** as to the Department of Human Resources and

2    Public Health. *See id.* at 996 ("The County is a proper defendant in a § 1983 claim, an agency of

3    the County is not."). The City's motion to dismiss the *Monell* claim is **GRANTED WITH**

4    **LEAVE TO AMEND**. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir.

5    2012) ("Section 1983 suits against local governments alleging constitutional rights violations by

6    government officials cannot rely solely on respondeat superior liability. Instead, plaintiffs must

7    establish that the local government had a deliberate policy, custom, or practice that was the

8    moving force behind the constitutional violation [they] suffered.") (internal quotations and

9    citations omitted; modification in original).

10   Plaintiffs may file an amended complaint by no later than February 14, 2025. Plaintiffs are

11   on notice that once they file their amended complaint, the City has an opportunity to move to

12   dismiss any amended complaint. If the City moves to dismiss, Plaintiffs will have an opportunity

13   to file **one** opposition to the motion. The opposition shall not exceed 25 pages. *See* Civil L.R. 7-

14   3(a). The opposition may not introduce outside evidence because a motion to dismiss tests the

15   legal sufficiency of the allegations in the complaint. For this reason, Plaintiffs should allege the

16   facts that they believe support their claims in their amended complaint. The Court will not

17   consider any facts that Plaintiffs try to introduce in their opposition brief. The Court will also not

18   consider improper motions to introduce evidence, to supplement the record, or to repeatedly

19   correct filings. Once Plaintiffs file the opposition, the City will have an opportunity to file a reply.

20   Once the reply is on file, Plaintiffs may not submit any additional materials without first obtaining

21   leave of Court. The Court understands that Plaintiffs are proceeding in this action without legal

22   representation, but Plaintiffs must nonetheless follow the Federal Rules, the Local Rules, and the

23   Standing Orders of this Court. To that end, the Court encourages Plaintiffs to contact the Federal

24   Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to

25   make an appointment to obtain legal assistance from a licensed attorney. More information about

26   the program is available online at the Court's website

27   < https://www.cand.uscourts.gov/about/court-programs/legal-help-desks/ >.

28   Because the Court is granting Plaintiffs an opportunity to amend their complaint, their

motion for reconsideration of evidence, ECF 38, motion to amend, ECF 53, motion to address key issues and evidence, ECF 63, and the four supplemental motions "highlighting inconsistencies," ECF 41, 42, 43, 44 are **DENIED AS MOOT**.  The motion to seal, ECF 59, is **GRANTED**, and the filing submitted on December 20, 2024, ECF 56, shall therefore be sealed.  Plaintiffs' motion for appointment of counsel, ECF 33, is **DENIED**, but as stated above, Plaintiffs are encouraged to contact the Federal Pro Bono Project for assistance.

**IT IS SO ORDERED.**

Dated: January 13, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**