UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GXM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PAMELA CONNIE, et al.,<br><br>        Defendants. | Case No. 24-cv-00677-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 89 |

Plaintiffs Jessica Renee Hissner Mendoza, Victor Mendoza, and their child, GXM, sue the City and County of San Francisco ("CCSF"), two of its social workers, Ifeyinwa Nzerem and Mary Payette, Pamela Connie, a lead supervisor at CCSF's Human Services Agency, and Jonathon Blackman, an executive director at Harbor Lights Family Shelter, based on their alleged roles in the removal of GXM from his parents' custody. Amended Complaint ("Am. Compl.") (Dkt. No. 82). CCSF moves to dismiss the operative complaint, or alternatively, for a more definite statement. Motion to Dismiss ("Mot.") (Dkt. No. 89); Reply to Opposition to Motion to Dismiss ("Reply") (Dkt. No. 92). Plaintiffs oppose. Opposition to Motion for Dismiss ("Opp.") (Dkt. No. 91). The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b).

CCSF[1] moves to dismiss Plaintiffs' complaint on two grounds. First, it argues that Plaintiffs have failed to sufficiently plead what actions the defendant city employees[2] took to

---

[1] CCSF "is not yet appearing for Mary Payette or Ifeyinwa Nzerem." Mot. at 1 n.1.

[2] While Plaintiffs name Jonathon Blackman as a city employee defendant for the first time in their amended complaint, CCSF represents that Blackman is not a city employee, and adds that Harbor Lights is run by the Salvation Army. Mot. at 6 n.2. To the extent Plaintiffs wish to re-assert any claims against Blackman in the next iteration of their complaint, they must provide an address

violate Plaintiffs' constitutional rights. Mot. at 6. Second, it argues that Plaintiffs have failed to plausibly plead a *Monell* claim. *Id.* Both grounds warrant dismissal.

Although Plaintiffs are proceeding in this action without the assistance of counsel and are thus entitled to have their allegations liberally construed, they must still allege sufficient facts to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Lokossou v. Servicesource Int'l Inc.*, No. 15-CV-04892-JD, 2018 WL 1709926, at *2 (N.D. Cal. Apr. 9, 2018) ("While [the plaintiff] is proceeding pro se and gets some benefit of the doubt, he still has the obligation to meet the plausibility standard . . . ."). Here, then, Plaintiffs must plead facts sufficient to plausibly establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Even when construing Plaintiffs' allegations liberally, they do not meet this standard. Other than in the caption and list of Defendants, *see* Am. Compl. at 2:16-22, Defendants Connie and Nzerem are not mentioned in the complaint by name at all. The sole allegation against Payette is that "[o]n March 25, 2022, social worker Mary Payette dropped GXM late to the after-school program, that made him uncomfortable." *Id.* at 5. These allegations are insufficient to give these individuals fair notice of what they did wrong, much less state a plausible claim for relief against them.[3] *See Cotti v. Pa Chang*, No. 18-CV-02980-BLF, 2020 WL 2572771, at *9 (N.D. Cal. May 21, 2020) (granting individual defendant's motion to dismiss where "[n]one of the allegations suggest[ed] that [she] had any personal involvement in the children's removal"). Because

---

where Blackman can be served. Although proceeding in forma pauperis relieves Plaintiffs of the obligation to effect service of process themselves, they must nonetheless provide the information necessary for service to be effected on their behalf. Because a review of the docket indicates that Blackman has not been served, this order does not address the sufficiency of any claims Plaintiffs assert against him, as those claims are not yet properly before the Court.

[3] Plaintiffs try to make up for the lack of detail in the complaint by adding further information in their opposition to CCSF's motion. *See generally* Opp. Because this information is not contained in the operative complaint, the Court has not considered it in deciding CCSF's motion. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When reviewing a motion to dismiss, [courts] consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.") (internal quotations and citation omitted). Plaintiffs may incorporate the additional information in their next complaint if they would like the Court to consider it.

Plaintiffs' allegations are deficient as to the individual CCSF employees named as defendants, dismissing claims against them is appropriate.

Dismissal is also appropriate because Plaintiffs have failed to plead a viable *Monell* claim against CCSF. CCSF's challenges to Plaintiffs' *Monell* claim are two-fold. Mot. at 9-10. First, it argues that Plaintiffs have not pleaded an official policy, longstanding practice or custom, or wrongful conduct or ratification by an official with policy-making authority. *Id.* Second, it argues that Plaintiffs' reliance on a single instance of alleged unconstitutional action is not sufficient under *Monell*. *Id.* Because the first argument warrants dismissal, as discussed below, the Court does not reach the second.

As explained in the Court's prior order dismissing Plaintiffs' original complaint, Dkt. No. 66, "Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. Instead, plaintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Plaintiffs recite these elements in their amended complaint. They assert, for example, that "[t]he deprivation was caused by a governmental policy, custom, or practice of the City and County of San Francisco. This can be demonstrated through Formal Policy. The existence of formal policies . . . allowed or encouraged the unconstitutional actions taken by the social workers." Am Compl. at 11. Plaintiffs list "the routine failure to properly investigate allegations, obtain warrants, and provide procedural protections" under the heading "Persistent and Widespread Practice." *Id.* They also assert that "the repeated procedural misconduct, lack of due process, and discriminatory actions taken by the social workers and other City employees" evidences a "policy or custom demonstrat[ing] the City and County of San Francisco's deliberate indifference to the rights of its citizens." *Id.* They claim that "[t]he municipal action was the moving force behind the constitutional violations suffered by Plaintiff[s]. The policies, customs, and practices of the City and County of San Francisco directly led to the unconstitutional removal of Plaintiff's [*sic*] child, emotional distress, and other harms." *Id.* These assertions simply recite the elements for *Monell* liability, and that is not enough. *See AE*, 666 F.3d

3

at 637 ("[T]o be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

For the reasons discussed above, CCSF's motion to dismiss is **GRANTED** and its alternative motion for a more definite statement is **DENIED AS MOOT**. The Court will allow Plaintiffs another opportunity to amend their complaint. To aid in the preparation of their second amended complaint, the Court again encourages Plaintiffs to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney. More information about the program is available online at the Court's website < https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses >. To ensure Plaintiffs have a meaningful opportunity to pursue this free assistance, the Court will set an extended deadline of January 5, 2026 for Plaintiffs to file their second amended complaint.

**IT IS SO ORDERED.**

Dated: November 3, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4